UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 08-61383-CIV-DIMITROULEAS/ROSENBAUM

|  |  |
|---|---|
| ADRIANO DA SILVA QUEIROZ, and MALTON BARBOSA CRUZ, Individually and on behalf of all others similarly situated,<br><br>            Plaintiffs,<br><br>vs.<br><br>COMCAST CORPORATION, a foreign corporation,<br><br>            Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT'S SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS SECOND AMENDED COMPLAINT FOR FAILURE TO JOIN NECESSARY AND INDISPENSABLE PARTIES, OR IN THE ALTERNATIVE, TO <u>ORDER JOINDER OF CONTRACTORS PURSUANT TO RULE 19</u>**

**I.      INTRODUCTION**

Defendant Comcast Corporation ("Defendant"), through its various subsidiaries, is a provider of cable, entertainment and communications products and services.[1]  Comcast Corporation's subsidiaries employ in-house cable installation and repair technicians, but also engage the services of various outside contracting companies to perform specific jobs relating to cable installation and repair.  (Affidavit of Millie Stephens ("Stephens Aff.") ¶ 4, attached hereto as Exhibit A).  Those contractors then are responsible for finding and retaining such technicians as they feel are appropriate and necessary to meet their contractual obligations to Comcast. (Stephens Aff. ¶ 5).

Two such individuals retained by Comcast contractors, plaintiffs Adriano Queiroz and Malton Barbosa Cruz ("Plaintiffs"), have now filed a three-count Second Amended Complaint

---

[1] Comcast Corporation and its subsidiaries are collectively referred to herein as "Comcast."

DB1/62338304.6

("Sec. Am. Compl."). In this pleading, Plaintiffs allege that Defendant was their employer and violated the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA") and Maryland and New Mexico state wage and hour laws by failing to compensate them properly. Plaintiffs seek monetary, declaratory and injunctive relief to remedy these alleged violations. (Sec. Am. Compl., Prayer for Relief). However, it is undisputed that neither of the Plaintiffs received any pay or compensation from Comcast. That is because, according to Plaintiffs' own allegations, they were recruited by and worked for a number of contractors who had contracts with Comcast: Future International, Coast to Coast, Amtec, LLC, Universal Cable Systems, Clean Sweep and Cable Dog Installations. (Sec. Am. Compl. at ¶¶ 27-28). It was these contractors who compensated Plaintiffs and whose personnel and compensation policies are at issue in this case. (Stephens Aff. ¶¶ 10-11). As such, because Plaintiffs have failed to join their actual employers, who are necessary and indispensable parties, this entire action should be dismissed pursuant to Fed. R. Civ. P. 12(b)(7). Alternatively, should this court find that all of the necessary contractor parties can be joined, the court should order the joinder pursuant to Fed. R. Civ. P. 19(a)(2).

## II.     ARGUMENT

Fed. R. Civ. P. 12(b)(7) permits a party to move to dismiss for "failure to join a party under Rule 19." The party moving for dismissal for failure to join an indispensable party "has the burden of producing evidence showing the nature of the interest possessed by an absent party and that the protection of that interest will be impaired by the absence." *Citizen Band Potawatomi Indian Tribe v. Collier*, 17 F.3d 1292, 1293 (10th Cir. 1994); *see also West Peninsular Title Co. v. Palm Beach County*, 41 F.3d 1490, 1492 (11th Cir. 1995) (the movant has the burden "to show the nature of the unprotected interests of the absent parties"); 5C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1359, at 67 (3d ed. 2004). Thus, in deciding the motion, the court may consider matters outside the pleadings. *Id.*; *see also* 7 Wright & Miller, Federal Practice & Procedure § 1609 at 129-30 (3d ed. 2001).

The first step in any Rule 19 analysis is to determine if the party in question is one that should be "joined if feasible" under Rule 19(a)(1), and if so, whether the joinder is feasible under 19(a)(2).  *See Siewak v. AmSouth Bank,* No. 06-cv-927, 2007 WL 141186, at *4-*5 (M.D. Fla. Jan. 16, 2007); *Diamondback Timerlands, Inc. v. Morrison*, No. 06-cv-19, 2007 WL 1705684, at *2-*3 (M.D. Ga. June 12, 2007).  Under Rule 19(a)(1) a party should be joined if feasible where:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:  (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations because of the interest.

For example, where two or more parties are joint obligees, they are both necessary and indispensable parties in an action for enforcement of that obligation because otherwise disposing of the action may impair or impede the obligees' ability to protect their interests, or leave the parties subject to risk of incurring inconsistent obligations.  *Harrell & Sumner Contracting Co. v. Peabody Peterson Co.*, 546 F.2d 1227, 1229 (5th Cir. 1977) (affirming dismissal for failure to join indispensable party that was a joint venturer with the plaintiff).  The same may be true with a joint employer and/or contractor in the employment context.  *See EEOC v. United Ass'n of Journeymen & Apprentices of the Plumbing & Pipefitting Indus., Local No. 120*, 235 F.3d 244, 253-55 (6th Cir. 2000) (contractors were necessary parties under Rule 19(a) in case challenging union hiring hall practices because they were the entities employing members of the union and who were required to fill out the relevant paperwork, and failure to join them was necessary to avoid the imposition of inconsistent obligations on the parties and ensure complete relief); *Mattera v. Clear Channel Comms., Inc.,* 239 F.R.D. 70, 73-77 (S.D.N.Y. 2006) (joint employer was a necessary and indispensable party where it was that employer's compensation practices at issue).  In *Mattera*, the plaintiff was challenging the chargeback of wages paid by the absent

party – Capstar – which was at least a joint employer of the putative class members. 239 F.R.D. at 76. The court held that Capstar was a necessary party to be joined if feasible because "[i]t is difficult to see how Mattera could be accorded complete relief without Capstar, the entity that employs, and moreover, pays and makes the [allegedly illegal] charge backs to the wages of, members of the putative class." *Id.*

Moreover, where a plaintiff seeks declaratory or injunctive relief, this will often render a party necessary to be joined if feasible in order to afford complete relief and prevent inconsistent obligations. *English v. Seaboard Coast Line R.R. Co*., 465 F.2d 43, 45, 48 (5th Cir. 1972) (where class of black employee sued seeking injunctive relief through modification of seniority system they alleged was racially discriminatory, white employee were necessary parties for joinder under Rule 19(a) because their seniority might be adversely affected should plaintiffs prevail).

Similarly, Plaintiffs' actual employers, Future International, Coast to Coast, Amtec, LLC, Universal Cable Systems, Clean Sweep and Cable Dog Installation, are necessary parties to this action. Plaintiffs allege that they were recruited and hired by these contractors, and that they were "jointly employed by Comcast and Comcast's []contractors." (Sec. Am. Compl. ¶¶ 27-28, 30, 32). Comcast has no record of Plaintiffs other than documents relating to the fact that they were issued badges, which enabled them to perform services in the homes of Comcast's customers. Stephens Aff. ¶ 7. Specifically, Comcast has no payroll records for either of these Plaintiffs, and in fact, has never issued a paycheck to either one of them. Stephens Aff. ¶ 8. Moreover, human resources personnel did not provide human resources services or support to Plaintiffs, nor did human resources personnel for Comcast determine pay rates or methods of payment for Plaintiffs. Stephens Aff. ¶ 9. Comcast does not have a single compensation policy or agreement that governs the amount to be paid to technicians working for contractors, such as Plaintiffs. Stephens Aff. ¶ 10. Rather, it is the responsibility of those contractors who recruited and hired Plaintiffs to determine their compensation and to pay them for all worked performed.

Stephens Aff. ¶ 11.  Thus, it is the compensation practices of the contractors that are at issue in this case – the failure to pay Plaintiffs and alleged putative class members the minimum wage and/or overtime for all hours worked.  Accordingly, just as in *Mattera*, complete relief can not be afforded in the absence of an order against the very employers whose policies are at issue.

The necessity of the contractors' presence is even stronger in this case because Plaintiff seeks declaratory and injunctive relief.  Specifically, Plaintiffs ask that the court enter a declaratory judgment that the employment and compensation practices complained of are unlawful, and enter an injunction against Comcast "and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein."  (Sec. Am. Compl., Prayer for Relief, ¶¶ G, H, M, N).  The six contractors that actually employed Plaintiffs clearly have a substantial interest in the subject of this action, which seeks to declare their method of paying Plaintiffs to be illegal and enjoin their methods of paying their own employees.  Indeed, disposing of this action in the contractors' absence may impair the contractors' ability to continue their current compensation policies and leave both them and Comcast subject to a risk of inconsistent obligations.

Accordingly, Future International, Coast to Coast, Amtec, LLC, Universal Cable Systems, Clean Sweep and Cable Dog Installations as Defendants are necessary parties to be joined if feasible pursuant to Rule 19(a)(1) and this Court must order them joined in this action if feasible pursuant to Rule 19(a)(2).

Based on the facts pled in the Second Amended Complaint, it is not clear whether all of the named contractors are subject to personal jurisdiction in this court.  While the Second Amended Complaint alleges business conducted by contractors Coast to Coast, and Amtec, LLC in Florida, there are no similar allegations with respect to Future International, Universal Cable Systems, Clean Sweep, or Cable Dog Installation. (Sec. Am. Compl. ¶¶ 28, 30.)  To the extent

that joining any of these contractors is not possible, this action must be dismissed for failing to join indispensable parties under Fed. R. Civ. P. 12(b)(7) and 19(b).  Rule 19(b) provides:

> If a person who is required to be joined if feasible, cannot be joined, the court must determine whether, in equity and good conscience, the count should proceed among the existing parties or should be dismissed.  The factors for the court to consider include:
>
> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
>
> (2) the extent to which any prejudice could be lessened or avoided by:  (A) protective provisions in the judgment; (B) shaping the relief; or (C) other measures;
>
> (3) whether a judgment rendered in the person's absence would be adequate; and
>
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b).  In *Mattera* the court found that the absent employer -- Capstar -- qualified as an indispensable party under Rule 19(b) because it would be:

> prejudiced if a judgment is rendered in this action in its absence, given that the complaint is directed toward Capstar's own compensation structure and policies.  To allow this action to proceed without Capstar would also result in prejudice to Defendants, who risk double liability, or at minimum, duplicative litigation with respect to the same charge back policy at issue.  Because of the preclusive impact of a judgment in favor of Mattera, the Court cannot shape its relief to ameliorate this prejudice.

239 F.R.D. at 76.  Thus, the court granted the motion to dismiss for failure to join an indispensable party.  *Id.*  The same factors and outcome apply here.  Each of the contractors will be prejudiced if a judgment is rendered in their absence since the compensation policies at issue are *their* policies, and any declaratory or injunctive relief governing the compensation of Plaintiffs and other putative class members will necessarily directly affect them.  Nor is there any way to shape the relief to avoid this prejudice.  Also, Defendant will be prejudiced by a judgment in the absence of the contractors as it will risk double liability, or at minimum duplicate litigation

with respect to the contractors' compensation policies.  In addition, as a practical matter, to the extent that the contractors cannot be joined and are therefore also beyond this court's subpoena power, Comcast will be prejudiced in attempting to defend itself in the current litigation because all of the information as to the compensation of the named Plaintiffs is in the hands of the relevant contractors.  Moreover, a judgment rendered in the absence of the contractors will not be adequate as Comcast cannot control how the contractors are compensating their own employees.  Finally, there is an adequate remedy if this litigation is dismissed for nonjoinder as Plaintiffs can pursue their own claims against the contractors/employers in locations in which personal jurisdiction would exist over those entities.

### III. CONCLUSION

Because Plaintiffs' actual employers, Future International, Coast to Coast, Amtec, LLC, Universal Cable Systems, Clean Sweep and Cable Dog Installations, are necessary and indispensable parties, this Court should order Plaintiffs to join them as Defendants if feasible pursuant to Rule 19(a)(2).  Should it be that Plaintiffs are unable to serve all of these contractors within Florida and the court is otherwise unable to obtain personal jurisdiction over them, this action must be dismissed in its entirety for failing to join those indispensable parties under Fed. R. Civ. P. 12(b)(7) and 19(b).

Dated:  December 19, 2008

Respectfully submitted,

 s/  Anne Marie Estevez
Anne Marie Estevez, Esq.
Florida Bar No. 991694
E-Mail:  aestevez@morganlewis.com
Morgan, Lewis & Bockius LLP
5300 Wachovia Financial Center
200 South Biscayne Boulevard
Miami, FL 33131-2339
Telephone:  305.415.3330
Facsimile:  877.432.9652

Counsel for Defendant Comcast Corp.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will, in turn, send a notice of electronic filing to Bradley W. Butcher, Bradley W. Butcher, P.L., Attorney for Plaintiff, 20301 Grand Oak Shoppes Blvd., Suite 118-79, Estero, Florida 33928, this 19th day of December, 2008.

/s/ Anne Marie Estevez
Anne Marie Estevez

DB1/62338304.6